FILED

JUN 30 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACKIE ROBINSON, | No. 10-55017 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00409-JAH-NLS |
| v. | |
| R. DE LA VEGA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Jackie Robinson, who is civilly committed in the state of California, appeals

pro se from the district court's summary judgment and from the jury verdict in his

42 U.S.C. § 1983 action alleging violations of his Fourth and Fourteenth

Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

novo the district court's grant of summary judgment, *Midwaters Trawlers Coop. v. Dep't of Commerce*, 393 F.3d 994, 1002 (9th Cir. 2004), and for an abuse of discretion review the district court's evidentiary rulings and formulation of jury instructions, *White v. Ford Motor Co.*, 500 F.3d 963, 973 (9th Cir. 2007). We affirm.

The district court properly granted summary judgment on Robinson's claims against defendant Kolender because Robinson failed to raise a triable dispute as to whether Kolender was personally involved in the allegedly unconstitutional conduct. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (supervisory liability attaches only if supervisor "participated in or directed the violations, or knew of the violations or failed to act to prevent them").

The district court properly granted summary judgment on Robinson's claims against the County of San Diego because Robinson failed to raise a triable dispute as to whether the allegedly unconstitutional conduct was a result of a failure to train or an official policy or custom. *See City of Canton v. Harris*, 489 U.S. 378, 385-87 (1989) (municipal liability attaches only if unconstitutional conduct is caused by failure to train or official policy or custom).

We need not decide whether the district court applied the proper standard to Robinson's medical treatment claim because Robinson failed to raise a triable

dispute as to whether his constitutional rights were violated under any standard. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (summary judgment standard).

The district court did not abuse its discretion in excluding at trial evidence related to Robinson's cut because the evidence was not relevant to the reasonableness of the search. *See* Fed. R. Evid. 401-402.

The district court did not abuse its discretion in refusing to instruct the jury on the difference between a civil and criminal detainee because the difference was not relevant to the reasonableness of the search. *See Jones v. Blanas*, 393 F.3d 918, 934 (9th Cir. 2004) (civil detainee may be subject to the same treatment as the general criminal population if there is a "legitimate, non-punitive purpose" for the treatment); *see also Bell v. Wolfish*, 441 U.S. 520, 559 (1979) (setting forth reasonableness test).

**AFFIRMED.**

10-55017